## Case No. 12,967.

### Ex parte SMITH.

[2 Cranch, C. C. 693.] [1]

Circuit Court, District of Columbia. May Term, 1826.

#### MILITIA—LIABILITY TO DUTY—GOVERNMENT CLERKS.

The clerks employed in the office of the several departments of the government are not liable to militia duty.

[Cited in U. S. v. Hartwell, 6 Wall. (73 U. S.) 393; Platt v. Beach, Case No. 11,215.]

Upon habeas corpus the marshal returned the cause of caption and detention of Mr. Smith "to be for sundry militia fines imposed by the legionary court of the 1st regiment, 1st brigade of the militia of the District of Columbia, put into the hands of the said marshal for collection according to law." By the fourth section of the act of congress of the 1st of July, 1812 (2 Stat. 769), supplementary to the act more effectually to provide for the organization of the militia of the District of Columbia, the militia fines are to be certified by the clerks of the legionary and batalion courts of inquiry respectively, to the marshal

[1] [Reported by Hon. William Cranch, Chief Judge.]

of the district, and delivered to him within fifteen days after the sitting of the court, and he is required forthwith to proceed to collect the same by distress and sale of the goods and chattels of the delinquent, "and where there are no goods or chattels to be found, the marshal shall commit such delinquent to jail and hold him in close confinement during the term of twenty-four hours for each and every fine by him payable (unless the same shall be sooner paid), in the same manner as other persons condemned to fine and imprisonment at the suit of the United States may be committed."

The return of the marshal is informal and defective, but no exception was taken to it; the principal question intended to be raised was, whether the subordinate clerks in the public offices were liable to militia duty.

By the second section of the act of congress of the 8th of May, 1792 (1 Stat. 271), "more effectually to provide for the national defence, by establishing an uniform militia throughout the United States," the persons exempted from militia duty are, the vice president of the United States; the officers, judicial and executive of the government of the United States; the members of both houses of congress and their respective officers; all custom-house officers, with their clerks; all post-officers and stage-drivers employed in the care and conveyance of the mail, &c. The militia law of the District of Columbia exempts all who are exempted by the laws of the United States. Mr. Smith was a clerk in the treasury department, duly appointed by one of the comptrollers, and sworn in the manner required by the act of congress.

Mr. Hellen, for Mr. Smith, contended, that he was an executive officer of the government of the United States, within the meaning of the second section of the act of the 8th of May, 1792, and therefore exempt from militia duty. Const. U. S. art. 2, § 2, has the expression, "principal officer in each of the executive departments," thereby implying that there may be inferior officers; and by the second clause of the same section, "Congress may, by law, vest the appointment of such inferior officers as they think proper in the president alone, in the courts of law, or in the heads of departments." The act of July 27, 1789, § 3 (1 Stat. 28), requires the principal officer in the department of state, and every person appointed or employed in the department, to be sworn. There is a similar clause in the act of August 7, 1789 (Id. 49), establishing the war department; and in the act of March 3, 1791 (Id. 215), supplemental to the act establishing the treasury department, "each and every clerk and other officer," "shall, before they enter upon the duties of such appointment, take an oath or affirmation, before one of the justices of the supreme court, or one of the judges of a district court of the United States, to support the constitution of the United States, and also an oath or affirmation, well and faithfully to execute the trust committed to him, which oath or affirmation, subscribed by such clerk, and certified by the person administering the same, shall be filed in the office of the person employing such clerk." "Clerk" and "officer" are, in the acts of congress, used as synonymous. Great inconvenience to the government would result from taking away their clerks to do militia duty.

J. Dunlop and Mr. Jones, contra.

Exemptions are odious, and ought to be construed strictly. None are exempted but officers commissioned by the president. There can be no officer without an office, and there can be no office unless created by the constitution or an act of congress. Custom-house officers are expressly exempted, which was unnecessary, if they were officers of the government. Wise v. Withers, 3 Cranch [7 U. S.] 331. By naming custom-house clerks, the legislature meant to exclude all other clerks.

THE COURT (THRUSTON, Circuit Judge, absent) decided, that Mr. Smith, being at the time of his enrolment, and at the time he was required to muster, a clerk in the treasury department, duly appointed by one of the comptrollers, and sworn in the manner required by the act of congress, was an executive officer of the government of the United States, and within the second section of the act of May S. 1792, and was not liable to be enrolled in the militia.